UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JAMES PEABODY,**

Movant,

v.

**UNITED STATES OF AMERICA,**

Respondent.

No. 4:26-cv-0223-P
(No. 4:23-cr-0193-P)

## OPINION AND ORDER

Came on for consideration the motion of James Peabody under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

On July 13, 2023, Movant was named in a three-count superseding indictment charging him in Count One with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and in Counts Two and Three with aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. CR ECF No.[1] 46. He initially entered a plea of not guilty. CR ECF No. 64. He later entered into a plea agreement pursuant to which he agreed to plead guilty to the offense charged in Count One of the superseding indictment and the government agreed to dismiss the remaining counts in the superseding indictment and not bring any additional charges based on the conduct underlying and related to the plea. CR ECF No. 80. In addition, the plea agreement set forth the maximum penalties the Court could impose (including imprisonment not to exceed 20 years), the Court's sentencing discretion, that the plea was freely and voluntarily made and not the result of force, threats, or promises, and that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with his

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:23-cr-0193-P.

legal representation. *Id.* Movant also signed a factual resume that set forth the penalties he faced, the elements of the offense to which he was pleading guilty, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 81.

On August 30, 2023, Movant appeared for rearraignment and testified under oath in open court that: he understood that he should never rely on any statement or promise as to what penalty would be assessed and that his plea must be purely voluntary; he had discussed with counsel how the guidelines might apply in his case; he had received a copy of the superseding indictment and understood the nature of the charges against him; he understood the essential elements of Count One and committed all of them; he read the plea agreement and understood it before he signed it; he understood the waiver of appeal paragraph; he discussed it with counsel and knowingly and voluntarily waived his right to appeal as set forth in the agreement; all of the terms of the agreement were set forth in the written agreement and he voluntarily and freely entered into it; other than the written plea agreement, no one had made any promise or assurance or threat to induce him to plead guilty; he understood that if the plea was accepted, he would be adjudged guilty of the offense charged in Count One of the superseding indictment and his punishment would be assessed somewhere within the range of punishment provided by statute; he understood the penalties he faced; he understood that he could not withdraw his plea if the sentence was more severe than he expected; and, he read and understood the factual resume before he signed it and the facts stated in it were true and correct. CR ECF No. 154.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 7. CR ECF No. 104-1, ¶ 65. He received a 16-level increase based on the amount of loss, *id.* ¶ 66, a 6-level increase based on the substantial financial hardship caused to 25 or more victims, *id.* ¶ 67, and 2-level increases based on sophisticated means, *id.* ¶ 68, use of device, *id.* ¶ 69, and role in the offense. *Id.* ¶ 71. Based on a total offense level of 35 and a criminal history category of II, his guideline imprisonment range was 188 to 235 months. *Id.* ¶ 121. Movant benefitted greatly from the plea agreement

because the government agreed to dismiss the aggravated identity theft counts, which would have added an additional 2 years of imprisonment each. *Id.* ¶ 122. Movant filed 22 objections to the PSR. CR ECF No. 124. The probation officer filed an addendum to the PSR. CR ECF No. 126-1. Against the advice of counsel, Movant persisted in his prior objections. CR ECF No. 128. In addition, he filed his own *pro se* objections. CR ECF No. 134. The Court gave notice of its tentative conclusions that Movant's objections were utterly frivolous and that Movant should not receive any reduction for acceptance of responsibility. CR ECF No. 136.

Movant filed a motion to withdraw his plea agreement. CR ECF No. 146. Acting *pro se*, Movant also filed a document titled "Sec. 3553 Sentencing Disparity Factors Affidavit," CR ECF No. 148, and a document titled "Notice of Withdrawal from Plea." CR ECF No. 166. The Court denied the motion to withdraw plea, issuing a memorandum opinion and order including an extensive discussion of the *Carr* factors. CR ECF No. 168.

The Court sentenced Movant to a term of imprisonment of 240 months. CR ECF No. 192. Movant appealed. CR ECF No. 198. Counsel filed a motion to withdraw, CR ECF No. 199, which was granted. CR ECF No. 201. New counsel was appointed to represent Movant on appeal. CR ECF No. 202. The United States Court of Appeals for the Fifth Circuit affirmed. *United States v. Peabody*, No. 24-10270, 2025 WL 1514119 (5th Cir. May 27, 2025).

## GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion, all contending that he received ineffective assistance of counsel. ECF No.[2] 1. In Ground One, he alleges that ineffective assistance during the plea negotiations rendered his plea unknowing and involuntary. *Id.* at 4.[3] In Ground Two, he alleges that counsel failed to challenge the leadership enhancement and loss attribution. *Id.* at 7. In Ground Three, he alleges

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil case.

[3] The page number references to the motion are to "Page __ of 25" reflected at the top right portion of the document on the Court's electronic filing system.

3

that counsel provided ineffective assistance at the plea-withdrawal stage. *Id.* at 8.

## APPLICABLE LEGAL STANDARDS

### A. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."

4

*Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential, and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first ground, Movant contends that his plea was not knowing and voluntary because counsel "fail[ed] to investigate, disclose, and explain material facts that directly affected [his] understanding of the case and his sentencing exposure." ECF No. 1 at 4. Although he purports to set forth the specifics of his allegations, they are conclusory and insufficient. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

One alleging failure to investigate must allege with specificity the type of investigation that should have been undertaken and explain how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *United States v. Goodley*, 183 F. App'x 419, 422–23 (5th Cir. 2006). Movant identifies an FNS application and Clover credit card processing contract, but fails to explain what an additional investigation would have revealed and how the failure to obtain such information rendered his plea unknowing and involuntary. Movant admitted in his factual resume that he was the one who submitted the FNS application. CR ECF No. 81 at 4. He does not explain at all what relevance the credit card processing contract had.

In his declaration, Movant references the failure to file a motion to suppress. ECF No. 1 at 14. To establish ineffective assistance based on

a Fourth Amendment violation, a movant must show that a meritorious motion to suppress could have been filed and that it would have affected the outcome. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Movant has made no attempt to do so.

Movant generally complains that counsel failed to meaningfully explain his potential guideline range and sentencing exposure but again fails to provide facts sufficient to support a claim of ineffective assistance. *Miller*, 200 F.3d at 282.

Even if Movant's allegations were sufficient and were supported by independent evidence, and they are not, any contention that his plea was not knowing and voluntary is belied by the record. In his plea agreement, Movant acknowledged that he faced a term of imprisonment not to exceed 20 years. CR ECF No. 80, ¶ 3. Further, he recognized that no one could predict with certainty the outcome of the Court's consideration of the guidelines and that the sentence would be wholly within the Court's discretion. *Id.* ¶ 4. Further, Movant's plea was freely and voluntarily made and was not the result of force, threats, or promises, *id.* ¶ 12, and he had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with counsel's legal representation. *Id.* ¶ 14. The factual resume likewise set forth the penalties Movant faced. CR ECF No. 81, ¶ II. And, it set forth all the facts establishing that Movant had committed the offense to which he pled guilty. *Id.* ¶ IV. Movant affirmed these things at the arraignment hearing. CR ECF No. 154. Movant's solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His plea agreement and factual resume are likewise entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Even if Movant could show that his plea was not voluntary, and he cannot, he could not show prejudice as there is no reason to believe that he would have insisted on going to trial but for the alleged deficient

performance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The contemporaneous evidence reflects Movant's intent to plead guilty. *Lee v. United States*, 582 U.S. 357, 369 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.") Specifically, Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020). As stated in the PSR, Movant benefitted greatly by his plea.

In his second ground, Movant alleges that he received ineffective assistance at sentencing because counsel failed to challenge the leadership enhancement and loss attribution. ECF No. 1 at 7. Movant is mistaken. Counsel did file objections as to both enhancements. CR ECF No. 124. The Court overruled the objections after giving them a "significant amount of study." CR ECF No. 207 at 8. That counsel did not prevail does not equate to ineffective assistance. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983).

In his third ground, Movant alleges that counsel provided ineffective assistance at the plea-withdrawal stage. ECF No. 1 at 8. In support of this ground, he admits that he sought to withdraw his plea after receiving the PSR and deciding he made a bad deal. *Id.* For all of the reasons set forth in the memorandum opinion and order denying the motion to withdraw plea, CR ECF No. 168, and for all of the reasons discussed in the government's response, ECF No. 9 at 15–24, Movant was not entitled to withdraw his plea. More effective advocacy by counsel would not have changed that outcome.

Finally, Movant mentions in passing that the alleged deficiencies of counsel when considered cumulatively entitle him to relief. ECF No. 1 at 9. The cumulative error doctrine "necessitates reversal only in rare instances." *United States v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012). Reversal is justified only where errors "so fatally infect the trial that they violate the trial's fundamental fairness." *Id.* (citations omitted). Where, as here, Movant has not shown any error, there is nothing to cumulate.

The Court is not considering any new evidence or grounds set forth in the reply. *Cervantes*, 132 F.3d at 1111; *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).

### CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **14th day of July 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

8